[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
In this summary process action, the plaintiff, Waterford Plaza One LLC, seeks to evict the defendant, Radioshack Corporation, from the commercial premises located at the Waterford Plaza, 117 Boston Post Road, Waterford, Connecticut.
On December 28, 2001, the plaintiff served a notice to quit on the defendant by leaving a true and attested copy of the notice with the sales associate, Jason Chase, at the subject commercial premises. Thereafter, the plaintiff filed a complaint dated January 16, 2002.
The defendant filed a motion to dismiss and a memorandum in support thereof on March 18, 2002, on the ground that the court lacks jurisdiction because of insufficiency of service of process. Thereafter, on March 25, 2002, the plaintiff filed an objection to the motion to dismiss. The parties have also submitted supplemental memoranda.
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court. . . ." (Internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert . . . insufficiency of service of process." Practice Book § 10-31(a)(5). "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Emphasis in original; internal quotation marks omitted.) Bridgeport v. Debek,210 Conn. 175, 179-80, 554 A.2d 728 (1989).
In the present case, the defendant argues that the notice to quit should have been served in accordance with General Statutes § 52-57 (c) CT Page 11512 because the defendant is a foreign corporation and, therefore, service was insufficient.[1] Alternatively, the defendant argues that if §52-57 (c) does not apply, then service of process was still insufficient because the plaintiff did not comply with § 47a-23b.[2]
In opposition, the plaintiff argues that "the defendant's reliance on § 52-57 (c), which sets forth the requirements for service of process, is misplaced because a different statute (General Statutes §47a-23 (c)) governs the requirements for service of a notice to quit, and the service of the notice to quit upon Mr. Chase met the requirements of § 47a-23 (c)." (Plaintiff's Objection dated March 22, 2002, p. 2.) The plaintiff further argues that § 47-23b also does not apply because the defendant is not a "nonresident."
Contrary to the defendant's first argument, this court finds that § 52-57 (c) does not apply in this case because that section does not provide the procedure for service of a notice to quit. The defendant's alternative argument is that the plaintiff was required to follow the procedure set forth in § 47a-23b because the defendant is a foreign corporation incorporated under the laws of Delaware and, therefore, is a nonresident. However, this argument also fails because while the defendant is a foreign corporation, that does not mean that it is a nonresident of the state of Connecticut. See McIntyre v. TLC Oil Co., Superior Court, judicial district of Hartford, Docket No. SPH-8308-20082 (December 12, 1983, Maloney, J.) (finding that "[a]lthough the defendant is a corporation which was apparently established under the laws of the state of Delaware, there was no evidence that is it a "non-resident' of Connecticut").
General Statutes § 47a-23 (c) governs the delivery of a notice to quit and provides that "[a] copy of such notice shall be delivered to each lessee or occupant or left at such lessee's or occupant's place of residence or, if the rental agreement or lease concerns commercialproperty, at the place of the commercial establishment by a proper officer or indifferent person." (Emphasis added.) "Nothing in General Statutes § 47a-23 requires service of a notice to quit on the specific individuals listed in General Statutes § 52-57." Scerrato v. ShoshieBaking Co., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. SPN-9102-15498 (March 22, 1991, Berger, J.)[3]
In the present case, the lease concerns commercial property. "Since this case involves commercial property, the notice to quit need only be left at the commercial establishment." Id. The return of service states that "service of the within notice to quit [was made] by delivering to and leaving a true and attested copy of each with Jason Chase a person CT Page 11513 who is known to be the Sales Associate" at the subject commercial premises. Accordingly, this court finds that the plaintiff complied with the statutory requirements of § 47a-23 (c) and, therefore, service of process upon the defendant was sufficient.
 CONCLUSION
Based upon the foregoing, the defendant's motion to dismiss is denied.
Dubay, J.